*[Philadelphia, January 3, 1838.]                [*75]

## ADAMS *against* THE COLUMBIAN STEAM BOAT COMPANY.

### IN ERROR.

1. The book of original entries of a party claiming for goods sold, or work and labour done, is not the best or only evidence of the claim; which may be proved *aliunde*.
2. In an action for goods sold and delivered, it is not necessary to prove an *express* promise on the part of the vendee to pay for the goods.
3. A judge cannot be required to charge the jury as to the sufficiency of the evidence to support the plaintiff's claim.

THIS was a writ of error to the District Court for the City and County of Philadelphia, to remove the record of an action on the case, brought to March term, 1835, by The Columbian Steam Boat Company against John S. Adams.

The plaintiffs filed in the court below, shortly after the return of the writ, a copy of certain book entries, upon which the action was brought, conformably to the provisions of the act of 1835, as follows:—

"Mr. John S. Adams,
                    To the Columbian Steam Boat Company, Dr.
    1833.
July 15.  To cash paid Mrs. Wilson for a signal, in place
                of one taken by you, and not returned,        $20
    do.      To a sorrel mare,                                  36
             To 64¼ cords of wood,          at $4            257
                                                            ——————
                                                             313
        To interest from July 15, 1833.
    1834.
Aug.  To two horses,                        at 40,            80
        To one   do.                                          45
                                                            ——————
                                                           $438.
                                                            ——————

        Interest on $80 from Sept. 1, 1834.
                    45 from Oct.  1, 1834."

*The defendant filed an affidavit of defence, and the   [*76]
plaintiffs afterwards declared in assumpsit, for goods sold
and delivered, and the other money counts.

The defendant pleaded non assumpsit and payment, with set-

(Adams *v.* Columbian Steam Boat Company.)

off, and leave, &c.; and afterwards a special plea, stating in. substance that the horses mentioned in the plaintiffs' statement were bought for another company; and that the plaintiffs agreed to look to that other company for payment.

Upon these issues, the case was tried before Jones, J., on the 27th of May, 1836, when the plaintiffs gave evidence to prove that the defendant had borrowed a flag belonging to them, which. had not been returned; and had obtained, by permission of the plaintiffs' agents, from a shed at Bordentown, where the wood of the plaintiffs was piled, a number of cords of wood, amounting altogether to sixty-one cords and a quarter. They also proved, by a witness, the purchase by the defendant of a sorrel mare, a grey horse and grey mare, and afterwards of a bay horse. On his cross-examination, this witness said,—

"The two horses were bought in 1833., Adams was to send the money when he took the horses. He did not do so. I saw Adams; he asked if he was to pay the money to me or to the company. I told him I would let him know. I did not know but that Adams was to pay the money. I did not know they· were bought by Adams for the People's Line to Baltimore. I suspected they were to go to that company. Adams had told me he was acting for that company, and this was my reason for suspecting it. He afterwards told me so expressly. Adams had told me, before he bought the horses, that he was acting for that company, but afterwards told me the company were failing, but that he would pay me for the horses; that that had nothing to do with it. I don't recollect telling the plaintiffs that Adams had bought the horses for the People's Line. Adams often told me that he bought the sorrel mare for his own use. Adams acted as agent for plaintiffs, and the People's Line to Baltimore. I may have heard the directors of the Columbian Steam Boat Company say that Adams bought wood for the company." (Re-examined in chief. Memorandum shown, dated November 11th, 1834, being an order drawn by witness on defendant, and directing him to pay eighty dollars, on account of two horses bought of him.) "Mr. Adams told me he had bought a certain bay horse from Mr. Richardson. Richardson was said to be a director of the company, and acted as such. I think he said he bought it cheap, forty-five dollars, very cheap, worth both the others. I know Mr. Richardson. I have been at his house in the .city. Went under the direction of Richardson, as director."

[*77]          *The plaintiffs' counsel then produced a notice, proved to have been served on Thomas Armstrong Jr. Esqr., the defendant's counsel, as follows:—

(Adams v. Columbian Steam Boat Company.)
" Columbian Steam Boat Company v. Adams.
Dear Sir,

In addition to the claim stated in our book-entries as filed, we shall also, in the above suit, ask ninety-six dollars, as the price of a horse sold by the plaintiffs, which sum defendant received in February, 1831, or thereabouts, to the use of the plaintiffs.

Yours, truly,<br>Henry J. Williams,<br>January 5, 1836.

Thomas Armstrong, Jr., Esq."

And then offered John Foreman as a witness to prove the said claim, which being objected to by the defendant's counsel, on the ground that the claim was not included among the book-entries, as filed in court, and that the plaintiffs were not permitted to go beyond their bill filed. The court sustained the objection, and the witness was withdrawn. The plaintiffs then closed their case.

The defendant's counsel then called on the plaintiffs to produce their book of original entries, which, being produced, the following entries were read to the jury, as referring to the plaintiffs' demand in this suit, in the words following:—

" Philadelphia, Aug. 2, 1833.   J. S. Adams,                    20
                4 Dec. 1833. J. S. Adams for sorrel mare,   36
                J. S. Adams Dr. to Steam Boat Phila. 66¼
                        cords of wood, at $4                 257
Phila. January, 1835.   John S. Adams Dr. to stages of this
                company, for two horses had in August
                last,                                         80
                One horse had in September,                  45"

The defendant's counsel then requested the court to charge the jury,

" 1st. That if the book of entries did not sustain the claim filed, the plaintiff cannot recover.

2nd. For that the plaintiffs must show for whose use the flag was wanted, and that they cannot recover the cash paid for a flag to replace it.

*3rd. That as to the demand for sixty-four and a [*78] quarter cords of wood, the books do not prove it, and that, on the oral evidence, the plaintiffs cannot recover for more than twelve and a quarter cords, if for any.

4th. That as to the two horses, the company cannot recover because the defendant was the agent of the People's Line Com-

(Adams *v.* Columbian Steam Boat Company.)

pany, and the charge in the books was not made till long after the time they were alleged to have been bought by the defendant.''

The defendant also requested the court to charge that the books of original entries were not sufficient to sustain the plaintiff's claim ; and that supposing no other evidence had been produced by the plaintiffs, they could not recover.

But the Court answered, "that the books of original entries were not produced by the plaintiffs in making out their case, but upon the call of the defendant, and were given in evidence by him. That the books of original entries were not necessary or indispensable evidence, nor the best evidence, nor better evidence of goods sold and delivered, than the testimony of witnesses ; that the plaintiffs were allowed to make out their case by their books, verified on oath, but that they are not obliged by law to prove their case in that way. And as to so much of the defendant's proposition as was founded on a supposition, the court said the case supposed was not the case on trial ; other evidence had been given besides the books of original entries, and the court declined to answer that part of the proposition. And the court further charged the jury, that the plaintiffs could not recover the value of goods lent, in an action for goods sold and delivered. That a loan was of a different nature from a sale, and that if the jury believed the flag was lent to the defendant and never returned, (and such appeared to be the evidence,) the plaintiffs could not recover its value in this action, nor could they recover the money paid by the plaintiffs to replace it, unless he agreed with the plaintiffs that they should do so. The court also charged, that the evidence in relation to the claim for the sixty-four and a quarter cords of wood, depended on the testimony of Richmond and Byrnes. That these witnesses testified as to sixty-one and a quarter cords ; and if the jury believed these witnesses, the plaintiffs might recover for that quantity. That in regard to the two horses which the defendant is said to have bought, as the agent of the People's Line, the defendant was liable to pay the plaintiffs, unless he disclosed his agency at the time he bought them. That the suspicions of Mr. Stout were of no consequence, if the defendant acted in his own name.''

The defendant's counsel excepted to the opinion of the court ; and the jury having found for the plaintiff, removed the record to this court, and made the following assignments of error.

[*79] *'' 1st. That the court below erred in not charging the jury as requested by the counsel for defendant below.

2d. That the court erred in charging the jury as to the effect of the testimony of Richmond and Byrnes.

3d. That the charge of the court as to the wood alleged to

(Adams *v.* Columbian Steam Boat Company.)

have been sold by the plaintiffs to the defendant, should have been in favour of the defendant.

4th. That the charge of the court generally, should have been for the defendant.

5. That the evidence was not sufficient to sustain the plaintiffs' claim.''

Mr. *Fallon* for the plaintiff in error, cited, *Lambirth* v. *Roft*, (8 Bing. 411; 21 Eng. Com. Law Rep. 338); *Bell* v. *Pullen*, (2 Taunt. 285); *Bennett* v. *Henderson*, (2 Starkie's Rep. 550; 3 Eng. Com. Law Rep. 47); *Read* v. *Hutchinson*, (3 Campbell, 352); *Pierce* v. *Drake*, (15 Johns. Rep. 475); 10 Peterdorff's Abr. 246.

The Court declined hearing Mr. *H. J. Williams*, who was for the defendants in error.

The opinion of the court was delivered by

HUSTON, J.—In this action the plaintiffs declared in assumpsit, for goods sold and delivered; for work done and materials provided; for money lent; for money paid for the defendant; for money had and received; and on an account stated. It will be observed that this was a declaration at common law, and not a statement under our act of assembly.

The plaintiff here, who was defendant below, filed an affidavit of defence, and pleaded non assumpsit, payment, and a set-off, and another special plea. There was no statement by the plaintiffs, nor counter-statement by the defendant, or if any such they were superadded to the narr. and plea. The plaintiff filed a specification of the items claimed by him. The first of these was a flag borrowed by him and not returned, $20; and three of the items were for the prices of three horses sold to the defendant, at dates specified, and for prices specified. The principal charge was for wood sold at different times. The plaintiffs did not before the jury rely on their books, but called witnesses to support the several charges, and did give evidence as to each of them. They then offered evidence as to another horse sold, not in the account filed. This the Court rejected.

The defendant's counsel then called on the plaintiffs to produce their book of original entries, and it was produced, and read to the jury. *The defendants after reading this, closed, and requested the court to charge the jury, first, That if the [*80] plaintiff's books did not sustain the claim, the plaintiff could not recover.

The second, related to the flag borrowed and not returned; this, the court told the jury could not be recovered in this action.

(Adams *v.* Columbian Steam Boat Company.)

The third, in substance was, that the books did not prove it, being only one charge of 66½ cords, and the proof was of the delivery at sundry times in lesser quantities, and the proof did not amount to so many cords.

The fourth, that the two horses were sold to the defendant as the agent of another company, and that he was not personally liable. As the court was requested to charge that the books of original entries were not sufficient to support the plaintiffs' claim, and supposing no other evidence had been given, the plaintiffs could not recover.

The judge charged the jury in substance as follows :—(here the judge stated the remarks of the court below already given.)

The last part of it as to the liability of the defendants for the two horses, was more favourable to the defendant than the testimony—which was—"the two horses were bought in 1833. Adams was to send me the money when he took the horses. He did not do so. I did not know but that Adams was to pay the money. I did not know they were bought by Adams for the People's Line to Baltimore. I suspected they were to go to that company. Adams had told me he was acting for that company, and this was my reason for suspecting it. He afterwards told me so expressly. Adams had told me before he bought the horses, that he was acting for that company. But *afterwards he told me the company were failing, but he would pay me for the horses : that that had nothing to do with it.*" This was the testimony of the plaintiffs' agent who sold the horses. And the express declaration by Adams to him, that he (Adams) would pay, would have put the case on strong grounds for the plaintiffs. This declaration of Adams was calculated to prevent the plaintiffs from using exertions to save themselves from a failing debtor, by the assurance that Adams individually would pay; besides there was no proof that the horses were ever given to the People's Line, or used by them.

There is nothing in the charge of the Court of which the defendant had cause to complain. How did the books of original entry of a shopkeeper, or mechanic, or labourer, or merchant, become evidence? Was it not from necessity? The human memory could not retain all the items of the account, and dates, and prices, and debtors—and entries at the time were necessarily admitted, because the sale and delivery in most cases could not otherwise be proved. When the agent or clerk can, from his memory, state the sale, and date, and price, and purchaser, the book which is admitted to supply the defect of memory is not necessary. I do not speak of a case where the book of entries at [*81] the time, and memory differ, Here *they agree except as to two cords of wood; and as to these the charge was favourable to the defendant.

As to the last error assigned, that the Court ought to have told the jury, the evidence was not *sufficient* to sustain the plaintiffs' action. It is a mistake, as it appears to me, of the vital principle of trial by jury. The court decides matters of law; the jury matters of fact. In this case, witnesses proved every item of the claim. To be sure, except as to the two horses, there was no express promise to pay; but where the buyer is known, and is in good credit, what merchant, or mechanic, or auctioneer, asks the purchaser if he will pay? Or who ever did more than order the article, or bid at the auction. The transaction includes the promise to pay, if the article is obtained. I will not say it is inferred. Though nothing is said, the transaction is itself a promise, as distinctly understood as if uttered; but if it was an inference, still it is for the jury and not for the judge.\* This is proved by another principle of law: if you demur to parol evidence, you must distinctly admit all the facts testified to by the witnesses of the other party, and all that a jury may fairly infer from the facts proved.† Inferences from facts are for a jury.

Judgment affirmed.

Cited by Counsel, 1 Watts & Sergeant, 415; 2 Harris, 480.

----

\* See 6 Barr, 186; 9 Id. 174.          † See *post*, 400.