# American Manufacturing Company to use of John V. Doniphan, Appellant, *v.* S. Morgan Smith Company.

*Practice, C. P.—Evidence—Nonsuit—Trial—Province of court and jury.*

A peremptory nonsuit is in the nature of a judgment for defendant on demurrer to evidence; and hence, in testing the validity of such nonsuit, the plaintiff is entitled to the benefit of every inference of fact which might have been fairly drawn by the jury from the evidence before them.   It is immaterial that the evidence in support of a plaintiff's claim may be very slight, provided that it amounts to more than a mere scintilla.   If there is any evidence which alone would justify an inference of the disputed facts on which his right to recover depends, it must, according to the well settled rule, be submitted to the jury.   It is their exclusive province to pass upon the credibility of witnesses, weigh the evidence and ascertain the facts.

*Evidence—Primary evidence—Secondary evidence—Documentary evidence.*

The best evidence rule applies exclusively to documentary evidence; and there is no distinction between primary and secondary evidence, except where some document, or other written instrument exists, the contents of which should be proved by an original rather than by other evidence which is open to the danger of inaccuracy.

In an action to recover the price of a large quantity of rope, the fact that somebody weighed the rope and made a record of the weight, does not render other evidence of the weight secondary.

Argued March 13, 1907.   Appeal, No. 21, March T., 1907, by plaintiffs, from order of C. P. York Co., Jan. T., 1903, refusing to take off nonsuit in case of The American Manufacturing Company now for the use of John V. Doniphan v. S. Morgan Smith Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Assumpsit for goods sold and delivered.    Before Bittinger, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* among others was refusal to take off nonsuit.

*Charles A. Hawkins,* with him *Jere S. Black,* for appellants. —The error of the court arose from regarding " secondary " evidence as one with what might be termed complete or conclusive evidence.    No question as to " secondary " evidence arises in this case : Schoenberger v. Hackman, 37 Pa. 87 ; Adams v. Steamboat Co., 3 Wharton, 75 ; Canfield v. Johnson, 144 Pa. 61.

*James St. Clair McCall,* for appellee.—The rule that the best evidence attainable must be produced rests upon the presumption that one who withholds testimony of a higher grade and seeks to substitute therefor testimony of an inferior kind, does so from an improper motive, and because he is conscious that his claim would not be supported by the testimony which he declines to produce : Carpenter v. Wait, 65 Mass. 257 ; 1 Jones on Evidence, sec. 197 ; Bryant v. Stilwell, 24 Pa. 314 ; Stevenson v. Hoy, 43 Pa. 191 ; Rothchild v. Central R. R. of N. J., 163 Pa. 49.

Opinion by Morrison, J., April 15, 1907 :

This is an action of assumpsit brought to recover the price and value of two coils, or 3,580 linear feet, of manilla transmission rope, one and three-quarters inches in diameter, weighing 4,225 pounds, at the price of thirteen cents per pound, sold and delivered by the plaintiff to the defendant on November 25, 1898.    The case came on for trial before the court and a jury and at the close of the plaintiff's testimony, a compulsory nonsuit was granted which the court subsequently refused to take off, and the plaintiff excepted to this ruling and appealed.

The first assignment of error raises the question of the refusal of the court to take off the compulsory nonsuit.    A careful examination of the plaintiff's evidence leads us to the con-

clusion that the case was for the jury and that the learned court erred in granting the compulsory nonsuit and refusing to take it off.   We entertain no doubt that there was sufficient evidence upon which the court ought to have instructed the jury, in the absence of evidence of a meritorious defense, that if they believed the plaintiff's testimony, they should render a verdict in favor of the plaintiff for the full value of the rope, with interest thereon, from the time when it ought to have been paid for.

In Hill v. Trust Co., 108 Pa. 1, the Supreme Court, by Mr. Justice STERRETT, said: "In our practice, a peremptory nonsuit is in the nature of a judgment for defendant on demurrer to evidence; and hence, in testing the validity of such nonsuit, the plaintiff is entitled to the benefit of every inference of fact which might have been fairly drawn by the jury from the evidence before them: Maynes v. Atwater, 88 Pa. 496. It is immaterial that the evidence in support of a plaintiff's claim may be very slight, provided it amounts to more than a mere scintilla.   If there is any evidence which alone would justify an inference of the disputed facts on which his right to recover depends, it must, according to the well settled rule, be submitted to the jury.   It is their exclusive province to pass upon the credibility of witnesses, weigh the evidence and ascertain the facts: Express Co. v. Wile, 64 Pa. 201."   See also Jacques v. Fourthman, 137 Pa. 428.   It is difficult for us to understand the rulings of the court in the present case, except on the theory that he was led into an erroneous view of the law that the plaintiff's testimony was secondary evidence.

We do not propose to separately discuss the remaining five assignments of error as they relate to the testimony of three several witnesses and the competency and weight thereof.   We have already ruled that there was sufficient testimony to carry the case to the jury.

The testimony of John W. Dolan, offered by the plaintiff, was in substance that on November 25, 1898, there were sold to defendant, by plaintiff, on defendant's order, two coils of American transmission rope, one and three-fourth inches in diameter, weighing 4,225 pounds, price thirteen cents per pound; and that as defendant had directed, it was consigned to the New York Air Brake Company at Watertown, N. Y.,

and shipped to the company on November 25, 1898, via N. Y.
C. & H. R. R. In giving his deposition the witness produced
the original shipping receipt and it was attached to the deposi-
tion, but after being filed in the prothonotary's office, the dep-
osition was lost and a copy of the deposition of the said Dolan,
without the shipping receipt attached, was used in lieu of the
original by agreement of counsel. This witness testified that
the rope consisted of two coils, together' weighing 4,225 lbs.,
and that he was present when rope was loaded on trucks for
shipment, but was not present when it was loaded on the cars.
This evidence was followed by that of Barney Stoltz, a rope
inspector and splicer of long experience. He inspected the
rope at plaintiff's factory and saw it there bagged in two coils
and tagged and delivered addressed to the New York Air
Brake Company, Watertown, N. Y., where a little later he
found it still bagged and tagged and spliced it on the drives
where it was to be used. The quantity and the weight of the
rope was also offered to be proved by Stoltz. Now, we unhesi-
tatingly say that the evidence above referred to and the offers,
without more, were sufficient to carry the case to the jury.
The whole difficulty seems to have arisen from the erroneous
notion of the court below that the plaintiff was making out
his case by secondary evidence. We discover no secondary
evidence in the case. It may be that it would have been more
satisfactory to the jury to have produced the man who actually
weighed the rope and the man who saw it put upon the cars.
But because one character of evidence is more convincing than
another, does not make the latter secondary evidence. Sec-
ondary evidence has been said to be that which takes the place
of the original when the original cannot be produced. It is
substituted evidence and is for the purpose of describing the
original evidence. The fact that somebody weighed the rope
and made a record of the weight does not render other evidence
of the weight secondary. " The book of original entry of a
person claiming for goods sold, or work or labor done, is not
the best or only evidence of the claim, which may be proved
aliunde." The above quotation is from the syllabus of Adams
v. Columbian Steamboat Co., 3 Whart. 75, and that case is
cited in McCullough v. Gas Co., 213 Pa. 110.

In Crozer v. New Chester Water Co., 148 Pa. 130, the Su-

preme Court said : " We cannot sustain any of the specifications of error. The best evidence in the possession of the plaintiff was submitted to the jury. It was not his duty to incur the expense of digging a trench in the mere hope of finding better evidence."

Canfield v. Johnson, 144 Pa. 61, furnishes a good illustration of a court taking too fine a sight in regard to the character of evidence necessary to sustain an action. We think the opinion of Mr. Justice GREEN in that case might materially aid the learned counsel for the defendant and the court below in a future trial of the present case. See also Western Union Tel. Co. v. Stevenson, 128 Pa. 442.

But when the plaintiff's counsel had been prevented from proving his case by the technical objections of the counsel and rulings of the court, until he was willing to lay grounds for the offer of secondary evidence as to the weight of the rope, this offer was excluded. It was as follows: " I propose to prove by the witness that the warehouse of the American Manufacturing Company was burned since January, 1899; that the weighing records of the company were kept there; and that the records of shipments of rope, and of the weighing of rope, in November, 1898, at all times before the fire, were destroyed. Also that the keeper of the records in November and December, 1898, is no longer in the employ of the American Manufacturing Company, and that his whereabouts are unknown." But the learned court was able to exclude this offer. The ruling was excepted to and it was palpable error.

We do not mean to say that because the rope was weighed, and a record made of its weight, other evidence of its weight was secondary. But the learned court had driven the plaintiff's counsel to the position where he was willing to consider his evidence as secondary, and offered to lay grounds for it, but was not allowed to do so. It was error to exclude this offer on another ground. The weight of the rope, as recorded by the man who weighed it, would have been more persuasive evidence than the plaintiff was offering, and the offer should have been admitted for the purpose of explaining to the jury why the man who recorded the weight of the rope was not produced with his records or memoranda.

In 17 Cyc. 470, par. e, it is said: " Moreover, not only is

the best evidence rule confined to cases where the law has divided evidence into primary and secondary, but there are no degrees of evidence, except where some document or other written instrument exists, the contents of which should be proved by an original rather than by other evidence which is open to the danger of inaccuracy. . . . Hence, whatever the law may have been in early times, at the present day it can be said to be well settled that the best evidence rule applies exclusively to documentary evidence, and this is the view accepted by the more modern writers on the law of evidence."

Par. c 2. " Thus where the matter to be proved is a substantive fact which exists independently of any writing, although evidenced thereby, and which can be as fully and satisfactorily established by parol as by written evidence, then both classes of evidence are primary and independent, and parol evidence may be admitted regardless of the writing. Likewise where it appears that a witness has a distinct and independent recollection of the matters of which he testifies, his testimony is not rendered incompetent under the best evidence rule by reason of the fact that he made a contemporaneous written memorandum of those matters and does not produce it."

" Where there is no substitution of evidence, but only a selection of weaker instead of stronger proofs, or an omission to supply all the proofs capable of being produced, the rule is not impinged : Greenleaf, 82. The warden of a penitentiary would perhaps be able to give the strongest proof that a person had been, at a particular time, a convict imprisoned in the penitentiary, as he keeps a registry in which is noted the exact time of the admission and dischage of the convict; but the fact may be shown by other competent proof. . . . The date of a birth, or death, or of a marriage could best be established by a person present at the event, but any other legal proof is admissible for the purpose. Handwriting may be proved by another, without calling the writer ; or a sale of oil or of any other commodity may be shown by the acts or declarations of the parties, although a witness may have been actually present and fully conversant with the whole transaction. As between living witnesses, one is not to be excluded because another had a better opportunity of knowing the fact alleged and attempted to be shown :" Western Union Tel. Co. v. Stevenson, 128 Pa. 442.

We cannot forbear saying that if at another trial the plaintiff makes a prima facie case, under the rules indicated in this opinion, the defendant ought to be required to put in its defense on the merits, if it has any, to the payment of the price of the rope which it would seem was received by the defendant in November, 1898, and kept and used.

The assignments of error are sustained and the judgment reversed with procedendo.