# Croushore's Estate.

*Evidence—Books of original entry—Use to refresh memory.*

Books of original entry are not the only evidence that may be presented in support of a claim, and, when the claimant, who kept the books, testifies himself they not only are not the best evidence, but are no better than the testimony of the witness.    When such books have been used, without objection, to refresh the memory of the witness while testifying, they are admissible in evidence in corroboration of his testimony.

*Decedents' estates—Proof of claim—Physician's charges—Claim by son of decedent.*

Where the decedent recognizes, in his will, the fact that he is indebted to his son for professional services as physician, the son is not to be hampered in proof of his claim by reason of the relationship.    The testimony of the son as to professional services rendered is competent to prove his claim against his father's estate for such services.

Argued April 17, 1922.    Appeal, No. 95, April T., 1922, by E. E. Allshouse, Trustee of Herbert L. Croushore, from decree of O. C. Westmoreland County, Aug. T., 1919, No. 150, dismissing exceptions to distribution, in the estate of George W. Croushore, deceased.    Before

286, (1922).] Statement of Facts—Opinion of the Court.

ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before COPELAND, A. L. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions, and confirmed absolutely the schedule of distribution. E. E. Allshouse, trustee of Herbert L. Croushore, appealed.

*Errors assigned* were the decree of the court, dismissing exceptions, and rulings on evidence.

*John E. Kunkle,* and with him *E. E. Allshouse,* for appellant.—A physician's books are not admissible in evidence as books of original entry: Fulton's Est., 178 Pa. 78; Hale's Executors v. Ard's Executor, 48 Pa. 22.

*Albert H. Bell,* and with him *George E. Barron* and *J. Clarke Bell,* for appellees.—Findings of fact by orphans' court will not be reversed unless clear error is made to appear: Lafferty's Est., 184 Pa. 519; Gimber's Est., 184 Pa. 437; Orne's Est., 192 Pa. 629.

OPINION BY TREXLER, J., July 13, 1922:

The claimant, a physician, presented a claim for $1,500 against his father's estate for professional services rendered during a period of five years. There is a clause in his father's will which reads: "One equal seventh part, I give and bequeath to my son, Dr. C. C. Croushore and I hereby charge him with the sum of $1,500 advanced to him for schooling and I direct that he shall receive credit on said charge for all professional services rendered to me and my wife." We think that the lower court rightly decided to treat this clause as a recognition of indebtedness and we may safely start out with the assumption that the decedent owes plaintiff something for services

rendered, and that he is only held to the ordinary degree of proof as to the amount and value thereof, and the fact that he held the relationship of son to the decedent should not hamper him in obtaining payment for his services. The only question, therefore, left for us is, employing the language of the appellant, "Has sufficient legal evidence been offered to warrant the court in allowing a claim for professional services by a physician to the decedent and his wife?" Dr. C. C. Croushore, the claimant, was called and testified without objection.   He submitted to a severe cross-examination in which the details of his claim were gone over and particular reference was made to the items contained in his charge book, the questions being largely based upon the items therein contained. At the end of his testimony the court, over the objection of the appellant, stated that it would admit the evidence for the present, evidently referring to the books of account kept by the doctor.   The items in the book were entered in ledger form and on the pages submitted referred only to the charges against the doctor's parents. The account is detached and the items are not entered with those of other persons who had been served by the doctor.   There may be force in the objection made by the appellant that the entries do not appear to have been made in the regular routine of the business, Estate of Elias Miller, deceased, 188 Pa. 214, and the question whether a physician's account book can be received as a book of original entries seems to be still in doubt in the State of Pennsylvania, Estate of A. C. Fulton, deceased, 178 Pa. 78.   It was stated by Judge Sadler, now of the Supreme Court, in 26 Dist. Reports, page 203, in Hall v. Smitheman, "By the weight of authority in Pennsylvania, claims for professional services are not of such character as can be sustained by books of original entry." We are, however, not called upon to decide this question. In the present case, even if the books presented were not self-sustaining, they were not the only evidence submitted in support of the claim.   As stated above, the doctor

testified and that fact changes the entire aspect of the matter. After the doctor had testified and use was freely made of the books without objection, the books were competent to serve as a memorandum, used by the witness to refresh his memory and in corroboration of his testimony: Patton's Administrators v. Ash et al., 7 S. & R. 116; Young v. The Com., 28 Pa. 501; Donahue et al. v. Connor, 93 Pa. 356; Charles v. Bischoff, 1 Atlantic 572; Dialogue v. Hooven, 7 Pa. 327; Littieri v. Freda, 241 Pa. 21. Books of original entry are not the only evidence that may be presented in support of a claim and when the party himself testifies the books are not the best evidence nor are they better evidence than the testimony of the witness: Adams v. The Columbian Steamboat Company, 3 Wharton 75.

We think the claim was properly allowed. The assignments of error are overruled and the decree of the orphans' court is affirmed. Appellant to pay the costs.