# Rosenthol *v.* Wilkes, Appellant.

*Contracts—Sale of goods—Evidence—Memorandum—Use to refresh memory—New trial—After discovered evidence.*

In an action of assumpsit to recover the value of work done and materials furnished, testimony is admissible which was given with the aid of a memorandum book containing items of merchandise entered as they were delivered to defendant. The reception in evidence of such memorandum in the absence of any objection, does not render such testimony incompetent.

A new trial will not be granted on the ground of after discovered evidence where such evidence existed at the time of the trial, was within the knowledge of defendant and should have been produced at that time.

Argued December 12, 1927. Appeal No. 364, October T., 1927, by defendant from judgment of M. C. Philadelphia County, June T., 1926, No. 427, in the case of Abe Rosenthol v. A. Benjamin Wilkes. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover for work done and materials furnished. Before GLASS, J.

The opinion of the Superior Court states the facts.

Verdict for the plaintiff in the sum of $488.34 and judgment thereon.    Defendant appealed.

*Errors assigned* were, among others, various rulings on evidence and the judgment of the court.

*Frank Fogel,* for appellant, cited: McKnight v. Newell, 207 Pa. 562; Fulton's Estate, 178 Pa. 78; Jobe v. Mondereau, 67 Pa. Superior Ct. 311; Wall v. Dovey, 60 Pa. 212; Shannon v. Castner, 21 Pa. Superior Ct. 294; Struthers v. Wagner, 6 Phila. 262.

*Oscar Rosenbaum,* for appellee, cited: Curren v. Crawford, 4 S. & R. 3; John L. Rhoads Co. v. Muschlitz, 19 Berks 127; Russel and Mills v. First Nat. Bank of Erie, 78 Pa. Superior Ct. 371; Greth v. Fisher, 12 Berks 126.

OPINION BY TREXLER, J., March 2, 1928:

This was a suit for work done and materials furnished to the premises of the defendant.    The plaintiff testified that defendant had ordered the merchandise and labor and had agreed to pay for the same.    The plaintiff did not keep a set of books, but he had a memorandum book in which each day he jotted down in Jewish, the items of merchandise that were delivered and installed on the premises of the defendant.    The objection is made by the appellant that this memorandum book did not have the qualities of a book of original entry.

An examination of the record shows that the objections throughout the trial were directed to the plaintiff's using this book as a memorandum.    There could be no objection to his refreshing his memory from items which were made consecutively each day as to work done and the materials furnished.    The same rules do not apply to the witness using a memorandum for the purpose of refreshing his memory and to the offer-

ing of a book of original entry which is claimed to be self-sustaining and if received, purports sale and delivery. There could be no objection to the witness using the book as an aid to his memory, see Crou-shore's Estate, 79 Pa. Superior Ct. 286. At the end of the plaintiff's testimony, his attorney offered the book in evidence and no exception was taken to the offer, but a motion was made to strike out plaintiff's testimony because the book from which he refreshed his memory named no dates and no itemized prices. We have to accept the record as it is made and find no exception to the reception of the book. We cannot convict the court of error in receiving it as no question was raised at the time of its reception.

The defendant sought to prove that the articles and labor furnished by the general contractor in pursuance of the written agreement between the defendant and the contractor were identical with the articles which the plaintiff alleges to have furnished and that they were paid by the defendant to the general contractor. It was proper to prove that the articles claimed for and the labor done was actually furnished by someone else but the contract relation between the owner and the general contractor was clearly a matter between other parties and threw no light upon the question whether the owner had contracted for the articles with the plaintiff and thus obligated himself to pay for them.

The third question is, should a new trial have been granted upon after-discovered evidence? The lower court has carefully considered the matter and we can dispose of it by quoting from the judge's opinion refusing a new trial. "A careful reading of the depositions which were taken by the defendant in support of the petition clearly indicates that the evidence in question was not after-discovered or newly-discovered evidence, but that if that evidence existed, it was exist-

ent at the time of the trial, and was within the knowledge of the defendant and should have been produced at the trial of the case. Nowhere in the deposition of Mr. Schnitzer, the contractor, does it appear why he was not present at the trial, or where he was at the time the case was being tried, or why his deposition was not taken prior to the trial of the case.''

The issue in the case was whether the defendant ordered and agreed to pay to the plaintiff for the materials furnished and the work done by him. This matter was fairly submitted to the jury and no reason appears why their verdict should be disturbed.

The judgment is affirmed.