Cupples, Jr. *v.* Yearick et al., Appellants.

270

Argued April 25, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Henry W. Storey, Jr.,* for appellant, cited: Robinson v. Logan Township, 90 Pa. Superior Ct. 139; Wilhelm v. Sunbury & S. Rwy. Co., 281 Pa. 69.

*W. L. Hibbs,* of *Leech & Hibbs,* for appellee, cited:

Lane v. Mullen, Inc., 285 Pa. 161; Rauch v. Smedley, 208 Pa. 175.

OPINION BY BALDRIGE, J., July 10, 1930:

The plaintiff, on the night of October 2, 1927, between eleven and twelve o'clock, was driving his automobile on the William Penn Highway, in a westerly direction. When he came near the summit of the Allegheny Mountains, east of Cresson, he ran into the defendants' truck which was travelling in the same direction. An action of trespass was brought to recover damages, alleging that the collision was due to the failure of the defendants to display a tail light, as required by law. A verdict was rendered in the sum of $966.32. Motions for new trial and judgment n. o. v. were refused.

The first assignment of error is directed to the admission of testimony upon the part of the plaintiff of personal injuries he received at the time of the collision as no claim was made therefor. The defendants objected to the testimony after it was given, but no exception was taken to the court's ruling and no motion was made to strike it out. This assignment, therefore, cannot be considered: Forster v. Rogers Bros., 247 Pa. 54. We might add that the testimony was harmless, especially in view of the fact that a witness testified, without objection, to the same effect.

The appellant complains also of the admission of the testimony of a witness who related that he was in charge of the Cresson Motor Car Company; that he was present when and knew that the plaintiff's headlights were checked and adjusted by the shop foreman in his garage, an official testing place, in accordance with the state specifications, three days before the accident, without producing the records thereof.

In the case of American Mfg. Co. v. Smith Co., 33 Pa. Superior Ct. 469, Judge MORRISON cited with approval the following principle laid down in 17 Cyc.

472, Par. c-2: "Thus where the matter to be proved is a substantive fact which exists independently of any writing, although evidenced thereby, and which can be as fully and satisfactorily established by parol as by written evidence, then both classes of evidence are primary and independent, and parol evidence may be admitted regardless of the writing. Likewise where it appears that a witness has a distinct and independent recollection of the matters of which he testified, his testimony is not rendered incompetent under the best evidence rule by reason of the fact that he made a contemporaneous written memorandum of those matters and does not produce it."

The witness testified that he had personal knowledge of the testing of the lights and as he required no record to refresh his memory, he was competent and the testimony admissible.

The third assignment of error is to the refusal to affirm the defendants' fifth point, which is as follows: "Fifth. If the jury believe from all the evidence that the plaintiff was driving his automobile at night at a rapid rate of speed without lights necessary to enable the driver to see defendants' truck ahead at a distance of 160 feet and know whether there was a truck in front of him, then the plaintiff was negligent and the verdict must be for the defendants."

Subsection (a) of Section 804, Article VIII, of the Act of May 11, 1927, P. L. 886, provides: "The head lamps or head lamp of motor vehicles shall be so constructed, arranged, adjusted, and attached that, except as provided in this act, they will, at all times mentioned in this act and under normal atmospheric conditions and on a level road, produce a driving light sufficient to render clearly discernible all vehicles, persons or substantial objects one hundred sixty (160) feet ahead, but shall not project a glaring or dazzling light to persons in front of such head lamps or head lamp . . . . . ."

There was no testimony that the plaintiff was travelling at a rapid speed. Under the uncontradicted testimony, he was proceeding twenty-five to thirty miles an hour up a four per cent grade. A number of cars were travelling in the same, as well as in the opposite direction, and he was blinded by the lights from other cars. His lights may have been adjusted so that under normal conditions he could have seen one hundred sixty feet ahead and yet not have known, with lights shining in his face, that there was a truck ahead of him. The point submitted did not sufficiently give the facts or correctly state the law, and was not entitled to affirmation: City of Altoona v. Lotz, 114 Pa. 238.

It is argued with considerable force that the driver of this car was guilty of negligence in not stopping. Our attention is called by the defendant to Robinson v. Logan Township, 90 Pa. Superior Ct. 139, and Smoker v. Baldwin Locomotive Works, 261 Pa. 341. In the Robinson case, the plaintiff was blinded by a car going in the opposite direction, and in attempting to pass the on coming car, drove into a ditch and came in contact with the branches of a tree. A recovery was refused, the court holding that the plaintiff was negligent in driving off the travelled track. The Smoker case was an action by a street car motorman against an owner of a motor truck. It appeared that the truck being driven eastward on the east bound car track passed over a bridge across railroad tracks. In order to permit a car to pass, it turned to the left on to the west bound track, although there was sufficient space between the east bound track and the curb, and just as the east bound car passed the truck, a cloud of smoke was thrown across the tracks by a locomotive passing under the bridge. The smoke concealed from view of the defendant's chauffeur the approach of the west bound car on which the plaintiff was motorman. It will be observed that the injury was the result of the defendant's driving out of the course

he should have pursued. The facts in the case cited indicate that they are not controlling in the case at bar.

Drivers of automobiles know that the lights of cars coming in the opposite direction oftentimes make it extremely difficult to see for a perceptible period of time—long enough at least so that one travelling at a moderate rate of speed may not be able to observe, until too late to stop, an object ahead unless a red light is displayed. Under modern conditions, with the large number of cars being operated on the highways, it is impracticable, and may be dangerous, for a driver of an automobile to stop every time a lighted car is approaching in the opposite direction. Under some, but not under all circumstances, it may be necessary in the exercise of due care to stop when blinded by lights; that would depend on the varying conditions.

The plaintiff contends that his difficulty in seeing was accentuated by the tarpaulin covering the truck, which extended over the light and which was of the same shade as the road. He testified as follows: "Q. Did the lights of the on coming car blind you? A. They did. Q. They blinded you? A. Well to a certain extent, like they blind everybody else. Q. Could you see in front of you with that glare in your face? A. Not directly ahead. Q. You could see nothing directly ahead of you? A. No. Q. What gave you the light by which you did see the truck? A. My own headlights after the last car came by it. Q. Was there any,—was the car or the truck, was it displaying any tail light? A. No, there was no tail light."

We cannot hold as a matter of law that the accident was due to insufficient lights on the plaintiff's car, nor can we say, under the conditions, that in exercising reasonable care he should have stopped. Under the facts adduced, we think the question of contributory negligence was not so clear as to warrant the court in withdrawing it from the jury's consideration.

Another complaint is that the court erred in his

charge to the jury in not calling more particular attention to the fact that there were three disinterested witnesses who testified that the defendants' tail light was lighted. The judge in his charge fairly reviewed the testimony offered and the theories advanced by both sides. We do not think there is a just complaint that the charge was inadequate or unfair in that respect.

We have examined with care the various assignments of error and find no merit in them. Judgment is affirmed.