Pecoraro Alias Packrall *v.* Pecoraro, Appellant.

Argued April 18, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Andrew M. Linn,* for appellant.

*David Turets,* and with him *Meyer Goldfarb,* for appellee.

OPINION BY BALDRIGE, J., July 14, 1932:

This appeal is from a judgment entered in a suit to recover money loaned.

The assignments relate to (1) the admission of oral testimony as to the alleged loans; and (2) the adequacy of the charge of the court.

(1) The plaintiff claimed that he gave his brother, the defendant, two checks payable to his brother's order, aggregating $800, which were offered in evidence, and $200 in cash. In addition thereto, he gave to him at various times certain compensation checks received by the plaintiff from a coal company as a result of an injury sustained. The compensation checks were not produced at the trial. The total amount claimed was $2,038.78, subject to a credit of $345. The appellant denied receiving any of these moneys as loans, although he acknowledged that on different occasions he cashed compensation checks at his gasoline station for his brother as an accommodation.

The appellant takes the position that the compensation checks were the "best evidence" of that portion of the alleged indebtedness and that the court erred in allowing the plaintiff to testify as to these loans without producing them. The action was not based

on the compensation checks—it was to recover money loaned. The primary dispute, therefore, was not the existence of the checks, or that they, or a portion of them, passed through appellant's hands; admittedly he cashed some checks. The controversy resolves itself into the inquiry: Is the defendant indebted to plaintiff for cash loaned him and for money he realized on the checks? The plaintiff was able, by refreshing his memory from memoranda made when the money is alleged to have been loaned, to testify as to the dates of the loans and the respective amounts thereof. The checks may have increased the weight of his testimony with the jury but their production was not essential to establish his claim. Whether or not the money was loaned was a substantive fact, independent of any writing. Parol evidence was admissible, regardless of the checks: 22 C. J. p. 983; Cupples, Jr. v. Yearick, 99 Pa. Superior Ct. 269.

The so-called best evidence rule was not involved in this case. ''Best evidence'' has a historical background of considerable antiquity, but Professor Wigmore is of the opinion that the sooner the phrase is wholly abandoned, the better. See Wigmore on Evidence, Vol. 2, 2d ed., secs. 1173 to 1175. The text in 22 C. J. p. 980 states: ''Moreover not only is the best evidence rule confined to cases where the law has divided evidence into primary and secondary, that is where some documentary evidence exists, but there are no degrees of evidence, except where some document or other written instrument exists, the contents of which should be proved by an original rather than by other evidence which is open to the danger of inaccuracy . . . . . . Hence, whatever the law may have been in early times, at the present day it can be said to be well settled that the best evidence rule applies exclusively to documentary evidence; and this is the view accepted by the more modern writers on the law of evidence.'' That view has met with the approval of, and has been

adopted by, our own courts: American Mfg. Co. v. Smith Co., 33 Pa. Superior Ct. 469; Perry v. Ryback, 302 Pa. 559, 568.

The cases cited by the appellant relate to the offer of a copy of a document where failure to produce the original writing was not satisfactorily explained. We recognize that general principle, but it has no application to the case at hand.

We find no error in the admission of the oral testimony without offering the checks.

(2) The court was requested by the defendant to state to the jury that the plaintiff had it within his power to subpoena the proper officers of the coal company. The following instruction, which has been complained of, was then given to the jury: "That, again, is a question for you to pass upon as one of fact. If you are satisfied that the testimony is sufficient that the plaintiff has offered upon that point, that would be for you to say. If you are satisfied that he should have produced these checks, then you can take that into consideration in weighing the testimony of the plaintiff as to what weight you desire to give his testimony upon that point." The appellant contends that these instructions gave to the jury the right to pass upon the admissibility of the evidence as well as its weight. The part quoted by the appellant must be read in connection with that portion almost immediately preceding it, to wit: "The defendant's claim is that the plaintiff could have furnished you that additional evidence by using the proper method of securing by subpoena these checks to be here in court, to corroborate him in regard to the character of the transaction, and that on that particular point the plaintiff has fallen down in failing to bring before you all of the corroborating circumstances that would prove his testimony to be a verity."

When all the instructions are considered, it readily appears that the trial judge left to the jury's deter-

mination only the weight that was to be given plaintiff's oral testimony and whether the non-production of the checks amouted to a failure to assume the burden of proof imposed by law.

There is no merit in the assignments of error. Judgment is affirmed.