Kelly et al. *v.* Irvin, Appellant.

Argued October 25, 1932. Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM,
BALDRIGE, STADTFELD and PARKER, JJ.

*George G. Patterson,* for appellant.

*Samuel H. Jubelirer,* for appellee.

OPINION BY GAWTHROP, J., December 16, 1932:

Plaintiffs, a boy aged thirteen years and his mother, have judgments on verdicts in a joint action brought by them to recover damages resulting from personal injuries sustained by the boy as the result of his being run down on a public highway by an automobile driven by defendant. The accident happened about 7:20 P. M., on November 18, 1930. The boy testified that he was walking south on the east berm of a concrete highway running between Altoona and Tyrone, facing traffic, and was about two feet from the edge of the concrete pavement; that the road was substantially level and straight for three "blocks" ahead of him; that he noticed defendant's car approaching from the south at a distance of about a "block;" that he jumped to avoid being struck, but was struck in the stomach by the right front fender of the car while he was still off the concrete, and sustained a broken leg and serious internal injuries. A witness who was with defendant testified that the car ran about ninety feet from the place of the collision before it stopped.

Defendant testified that he was driving at a rate of twenty or twenty-five miles an hour; that his lights were "good" and showed sixty or eighty feet ahead; that the lights of an approaching car blinded him "just for a second" and he did not see the boy; that,

except for this brief period when he was so blinded, he could see and did not know that he struck any person, but knew that he had struck something, believing at the time that it was a dog or a cat. He testified further that he stopped about twenty-five feet from the point where the collision happened.

Defendant brings this appeal, and his principal complaint is that the trial judge erred in affirming, without qualification, plaintiff's second point, which was as follows: "Where an automobile driver is temporarily blinded by the lights of a car approaching in an opposite direction, it is his duty to stop until his vision is improved. If, instead of doing so, he takes chances of finding the way clear and runs into and injures another lawfully using the highway, he is guilty of negligence as a matter of law;" and that he erred in instructing the jury in his general charge as follows: "Now, members of the jury, when he was driving his car along the highway, if he came to a position in the highway where lights blinded him, or if he was interfered with by traffic or something else where some emergency arose, it would have been his duty to stop. One may not drive blindly, if the lights interfere with you and to such an extent when you are driving a car that you do not know where you are going, of course, the only safe, sensible and legal thing to do is to stop and wait until things are right in such a manner that you are able to see where you are going. Therefore, if the headlights of another car blinded him at that time and he went on regardless of where he was going, of course, he would be guilty of negligence and if that was the approximate cause of his injury he would not excuse himself from responsibility if he drove on after the headlights blinded him and he did not know where he was going."

We cannot escape the conclusion that these instructions not only permitted the jury to apply too high a test in determining the question of defendant's negli-

gence, but amounted to a direction to find him negligent; for he admitted that he was blinded by the lights of an approaching car and that he did not stop. None of the decisions of the Supreme Court or this court sustains the instructions. In Cupples, Jr. v. Yearick, 99 Pa. Superior Ct. 269, in which the plaintiff was blinded by the lights from other cars, we said: ''Under modern conditions, with the large number of cars being operated on the highways, it is impracticable, and may be dangerous, for a driver of an automobile to stop every time a lighted car is approaching in the opposite direction. Under some, but not under all circumstances, it may be necessary in the exercise of due care to stop when blinded by lights; that would depend on the varying conditions.'' And we refused to hold as a matter of law, under the circumstances, that in exercising reasonable care plaintiff should have stopped. So here, we cannot say, under the conditions, that it was the duty of defendant to stop when he became blinded ''just for a second.'' The question whether he should have stopped was for the jury. It follows that it was reversible error for the trial judge to charge that it was his duty to do so.

The only other question requiring discussion is whether error was committed in admitting in evidence a bill for $300 rendered to the mother by Dr. Taylor for medical and surgical services performed for the boy as a result of the accident. The mother had not paid the bill, but testified that she considered it a just obligation. She described the character of the services rendered by Dr. Taylor which constituted the setting a broken tibia and subsequent treatment, together with an operation and insertion of a plate. We think that proper ground was laid for admission of the bill in evidence, and that it was not error to admit it.

In each appeal, No. 276, October Term, 1932, and No. 341, October Term, 1932, the judgment is reversed and a new trial awarded.