# Forster *v.* Rogers Bros., Appellants.

*Nuisance—Public nuisance—Dynamite—Negligence—Ordinance —Damages.*

1. While the mere possession and storage of dynamite for a lawful purpose, in a neighborhood where people reside, is not per se a public nuisance, the attending circumstances may make it such, as, for example, storing it in a negligent manner. In a case where the maintenance of a public nuisance is a matter complained of, if it is determined upon sufficient evidence that such a nuisance is maintained, no particular causal act of negligence, contributing to an explosion, need be proven in order to sustain a cause of action for damages sustained thereby.

2. In the trial of an action to recover damages, occasioned by an explosion of dynamite, alleged to have been kept in such a way as to constitute a public nuisance, it was error to admit evidence of an ordinance relating to explosives, but not to the keeping or storage thereof, or an ordinance forbidding the erection of frame buildings within a prescribed district, and which had no connection with the alleged cause of the accident.

3. In determining the amount of damages suffered in such a case, it was error to admit evidence of the rental value of the property damaged, as a separate item, or to allow an expert to express an opinion as to the value of the property before and after the explosion, based exclusively upon the amount of the rentals earned thereby.

*Practice, Supreme Court—Appeals—Errors in admission of evidence—Motion to strike out—Review.*

4. When irrelevant or incompetent testimony is elicited by questions which are not objected to at the time they are put, and the trial is permitted to proceed with this testimony upon the record, the refusal of a request to strike it out, made after the witness has left the stand, will not be reviewed, although the refusal of the court when requested to instruct the jury to disregard the testimony would be assignable as error. Where, however, a motion to strike out is formally made before the witness leaves the stand, so soon as the irrelevancy of his previous testimony has been shown, the refusal of the court to grant the motion will be reviewed on appeal.

Argued Sept. 30, 1914.   Appeal, No. 196, Oct. T.,

1914, by defendants, from judgment of C. P. Venango
Co., April T., 1912, No. 49, on verdict for plaintiff in case
of Elizabeth Forster v. Louis Rogers, Charles Rogers
and Hugh Rogers, partners doing business as Rogers
Brothers. Before BROWN, MESTREZAT, ELKIN, STEWART
and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for the destruction of
plaintiff's house by an explosion of dynamite. Before
CRISWELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,590.69 and judgment there-
on. Defendants appealed.

*Errors assigned* were instructions to the jury and rul-
ing on evidence referred to in the opinion and judgment
of the Supreme Court.

*P. M. Speer,* of *Speer & Weigle,* with him *J. S. Car-
michael,* for appellants.—We contend that the city nitro-
glycerine ordinance does not create any right of civil
action between citizens, inter se, for its violation: Phila.
& Reading R. R. Co. v. Boyer, 97 Pa. 91; Lederman v.
Railroad, 165 Pa. 118; Connor v. Traction Co., 173 Pa.
602; Foote v. American Product Co., 195 Pa. 190; Sim-
mons v. Penna. R. R. Co., 199 Pa. 232; Shaffer v. Roesch,
215 Pa. 287.

The keeping of such explosives even in a public place
was not a nuisance per se and whether or not it consti-
tuted a nuisance would depend on circumstances includ-
ing the manner in which it was cared for: Kinney v.
Koopman, 37 L. R. A. 497; Kleebauer v. Western Fuse
and Explosive Company, 60 L. R. A. 377; Tuckachinsky
v. Lehigh and Wilkes-Barre Coal Co., 199 Pa. 515; Sow-
ers v. McManus, 214 Pa. 244; Derry Coal & Coke Co. v.
Kerbaugh, 222 Pa. 448.

The introduction of the fire ordinance and of the
rental value of the building could not help but give the

jury a wrong impression as to the basis for assessing the damages, and confused them and misled them to the injury of defendants.

*William J. Breene,* with him *Esmond C. Breene, William M. Parker* and *J. D. Trax,* for appellees.—The nitroglycerine ordinance was evidential and the plaintiff's evidence, if believed, warranted a finding of its violation: Hazard Powder Co. v. Volger, 58 Fed. Repr. 152.

The plaintiff's evidence disclosed a public nuisance per se: Hershey v. Kerbaugh, 242 Pa. 227; Wier's App., 74 Pa. 230; Evans v. Reading Chemical Fertilizing Co., 160 Pa. 209; Gavigan v. Atlantic Refining Co., 186 Pa. 604; Myers v. Malcomb, 6 Hill (N. Y.) 292; Riley v. Erie R. R. Co., 72 App. Div. (N. Y.) 476; Kleebauer v. Western Fuse, Etc., Co., 69 Pac. Reps. 246; Rudder v. Koopman, 116 Ala. 332; Laflin & Rand Powder Co. v. Tearney, 131 Ill. 322; 7 L. R. A. 262, 23 N. E. Repr. 389.

The learned trial judge did not err in the admission of the Fire Limit Ordinance and of evidence showing the amount of rentals as bearing upon the measure of damages: Wall v. Harbor Co., 152 Pa. 427; Hope v. Railroad Co., 211 Pa. 401; Shano v. Bridge Co., 189 Pa. 245.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

On February 8, 1912, at about 7.30 p. m., an explosion in a frame building belonging to the plaintiff demolished the structure. It appears from the evidence presented by the plaintiff that in June, 1911, a room in her building was taken by the defendants for office purposes; that they kept dynamite there without the knowledge or consent of the plaintiff; that on the day of the explosion they purchased and had delivered to them at this office "50 pounds of dynamite containing 20 pounds of nitroglycerine"; that the office had a gas stove in it which was burning at 5 o'clock that afternoon; that a box containing some of this dynamite was in the room about

three feet from the stove and sticks of the explosive were on the floor between the box and the stove; that on prior occasions a witness had seen the stove used to thaw dynamite; that the dynamite in question was to be used to blast the piers of a public bridge which was being removed under a contract with the municipal authorities; and that the building was located near this bridge in a solidly built up, thickly populated, and much frequented business and residential district. The action was in trespass and the plaintiff averred that by "keeping, using and storing said dynamite......on said premises......said defendants......were then and there maintaining a public nuisance" which resulted in the damage to her property; no special negligence was alleged. The plaintiff recovered a verdict upon which judgment was entered, and the defendants have appealed.

We shall not attempt specifically to rule each of the nineteen assignments of error; but, since the case must go back for a re-trial, we shall pass upon such matters as seem necessary to a proper understanding of what we deem to be the applicable principles of law. Considerable discussion is to be found in the books concerning what constitutes a nuisance per se in connection with the use and storage of explosives; but, as was truly said by Mr. Justice SHARSWOOD in Wier's App., 74 Pa. 230, 241, "While it may be easy to draw the line between what is and what is not a nuisance......it is by no means so easy to determine whether the circumstances of any particular case ought to place it on one side or the other of that line." The subject is dealt with at some length in Judson v. Giant Powder Co. (Supreme Court of California), 29 L. R. A. 718, and many cases from jurisdictions all over the country are there noted; also see Kleebauer v. Western Fuse & Explosives Company, 60 L. R. A. 377, and Kinney v. Koopman, 37 L. R. A. 497. The weight of authority seems to be to the effect that "the keeping of such material does not necessarily

constitute a nuisance per se; that depends upon the locality, the quantity, and the surrounding circumstances" (See Flynn v. Butler, 189 Mass. 377; Barnes v. Zettlemoyer, 62 S. W. Repr. 111; Booth v. R. W. & O. Terminal R. R. Co., 140 N. Y. 267; 29 Cyc. 1172; 19 Cyc. 5). WOOD on Nuisances, Vol. I, Sec. 140, thus states the rule upon the subject: "In determining the question (whether or not a nuisance), the locality, the quantity and the manner of keeping will all be considered, as well also as the nature of the explosive, and its liability to accidental explosion."

We do not seem to have any authority in Pennsylvania precisely upon the point as to whether the mere storage of a high explosive, such as dynamite, in a populous neighborhood, constitutes a nuisance per se, but different phases of the general subject are discussed in several of our cases; first, in Wier's App., supra, where the erection of a powder house was restrained as a nuisance, and next, in Dilworth's App., 91 Pa. 247, where a decree enjoining the erection of a powder house as a nuisance was reversed. In Tuckachinsky v. Coal Co., 199 Pa. 515, an explosion occurred from dynamite and powder stored in small quantities in a wooden building; when this magazine was originally located it was not near any habitation, but "with the growth of the community" the population settled nearby. In determining that the facts in that case did not constitute a nuisance per se, we said (p. 518), "Such materials are always dangerous, but as their use is essential to the work of mining, it is impossible to protect absolutely persons or property in the immediate vicinity; the risk is similar to that arising from the operation of steam boilers, and other machinery, and apparatus necessary to the prosperity of great communities"; and, in the absence of evidence showing some specific negligence in the manner of keeping the explosives, we affirmed binding instructions for the defendant. In Sowers v. McManus, 214 Pa. 244, the action was against a contractor to recover

damages for personal injuries sustained through an explosion of dynamite kept in a "shanty." The case rested on a charge of negligence, and there was no evidence to show exactly what caused the explosion; we determined that the rule of res ipsa loquitur did not apply. In the course of the opinion, however, we state that the possession of dynamite to be used for a proper purpose is "not unlawful," but that "care commensurate with the danger of having possession of this agent must be exercised at all times by those having it in their possession." In Derry Coal and Coke Co. v. Kerbaugh, 222 Pa. 448, 451, certain houses belonging to the plaintiff were damaged by an explosion of dynamite stored in a small building which contained a red hot stove within a few inches of the explosive. We decided that, since an explosion might well result from the conditions shown by the evidence, and these conditions were entirely under the control of the defendant, who furnished no explanation of the cause of the accident, a judgment for the plaintiff should be sustained; stating, "While the possession of dynamite to be used for lawful purposes is neither unlawful nor negligent, the person in possession of it is, as to third parties, bound to the highest degree of care."

The plain thought running through all our cases is that in Pennsylvania the mere possession and storage of dynamite for a lawful purpose in a neighborhood where people reside are not per se a public nuisance, but the attending circumstances may constitute them such. In other words, in some cases, negligence of a character to make that a nuisance which otherwise would be lawful may appear in the attending circumstances; therefore, after an explosion, when deciding whether or not a public nuisance existed in connection with the storage of the material which exploded, the question of the manner in which it was kept—whether negligently or otherwise —may enter into the consideration; but when it is once determined upon sufficient evidence that such a nui-

sance was maintained, then no particular causal act of negligence directly contributing to the explosion need be shown; it is sufficient to prove facts which justify the finding of a public nuisance, and where the explosion is a thing that could naturally flow therefrom, then, since that possibility is one of the very elements which go to make up the nuisance, in the absence of testimony to the contrary, the explosion will be assumed to have followed as a result thereof. Of course, where the plaintiff's case does not rest upon the charge of maintaining a nuisance, but some special act of negligence is pleaded and relied upon, it must be proved; in a case like the one before us, however, where a public nuisance is charged and relied upon, the prime question is "not one of negligence or no negligence, but of nuisance or no nuisance": Gavigan v. Refining Co., 186 Pa. 604, 612; Pottstown Gas Co. v. Murphy, 39 Pa. 257. Here, although the exact cause of the occurrence was not specifically shown, yet there was sufficient evidence to justify the conclusion that the damage to the plaintiff was brought about by an explosion which arose from dynamite kept in the defendants' office and under their control. If the testimony at the next trial should be equally strong in relation to the matters just referred to, and the weight of the evidence should justify the jury in concluding that, under the attending conditions, the place and manner of keeping the quantity and kind of dynamite here involved, considering its liability to explode (according to the facts in that particular as the jury may find them), created a danger beyond that which ex necessitate always attaches to the lawful possession of such a material, and that this danger amounted to a menace to life and property in the neighborhood, then they properly could determine that the defendants had maintained a public nuisance which resulted in the destruction of the plaintiff's building, and bring in their verdict accordingly, even though no particular act of negligence directly responsible for the explosion were shown. On

the other hand, if the jury should find the material and controlling underlying facts against the contentions of the plaintiff, or should conclude under the evidence that a danger of the character just described did not exist, then the verdict should be for the defendants.

A city ordinance was pleaded and admitted in evidence, which did not by its express terms attempt to classify any particular fact or set of facts as constituting a public nuisance, but merely declared the various acts thereby forbidden, to be unlawful and subject to a penalty. The ordinance provided that it should not be lawful "to manufacture, prepare or use any nitroglycerine or any compound of which nitroglycerine is a component part within the limits of said city," or, "to carry or convey" it "in greater quantities than one ounce," or "to prepare, use or explode any torpedo" made of such a compound "in which torpedo a greater quantity of nitroglycerine is used than one ounce." It is to be noticed that the ordinance makes no express provision regulating the storage or mere possession of the articles therein referred to; and the word "use" as it there appears must be given its ordinary meaning, i. e., the act of employing the article or converting it to some service. If the explosion in this case had occurred while the dynamite was being prepared, conveyed or actually used by the defendants, then the ordinance would have entered into the case as in some degree relating to the specific act complained of, and it properly could have been introduced as evidence of the "municipal expression of opinion" upon the subject under investigation, to be considered with all the other evidence in the case; but under the facts relied upon by the plaintiff, the ordinance had no application and should have been excluded, and the court should not have told the jury, as it in effect did, that its violation created a nuisance per se; under our cases, this was clear error: Phila. & Reading R. R. Co. v. Ervin, 89 Pa. 71; Ubelmann v. American Ice Co., 209 Pa. 398; Shaffer v. Roesch, 215 Pa. 287.

Another ordinance, which prohibited the erection of frame buildings within a certain prescribed district, covering the location of the plaintiff's property, was introduced and admitted as part of her case in chief; this also was error.

The injury to the plaintiff's property was permanent in character; hence, the proper measure of damage was the difference between the value of the real estate before and after the explosion, that is, the deterioration in the market value of the whole property caused by the destruction of the building (Miller v. Hanover & McSherrytown Water Co., 240 Pa. 393; Wagner v. Purity Water Co., 241 Pa. 328, 334; Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411, 421-2); the values to be proved by experts in the customary way, with the usual right in the plaintiff to ask compensation for delay in the payment of the ascertained damages. In the trial under review there seemed to be some doubt as to the measure of damages, and error was committed by the admission of certain evidence in relation thereto. On the examination in chief of the plaintiff, under objection and exception, she testified to the earning capacity of the property according to its use at the time of the explosion; she first gave a summary of the rents, without more; then one of her witnesses, in answer to questions propounded by plaintiff's counsel, stated an opinion concerning the fairness of these rentals, and avowed that they formed the exclusive standard upon which he based his estimate of the value of the property. As soon as the latter testimony was in, counsel for the defendant immediately objected and asked that it be stricken out, and upon the refusal of this motion he at once secured an exception. The appellee contends that after testimony has been received without an immediate objection to the questions which elicit it, a refusal to strike out the evidence is not reviewable, citing McDyer v. East Penna. Rys. Co., 227 Pa. 641, 646. In that case, however, there was no objection when the testimony was introduced, and the

motion to strike it out was not made till the witness had left the stand; more than this, the motion was based on evidence given by another witness. When the other cases dealing with the point under consideration are examined, it does not appear in the report of Yeager & German v. Weaver, 64 Pa. 425; Oswald v. Kennedy, 48 Pa. 9; Ashton v. Sproule, 35 Pa. 492; Montgomery v. Cunningham, 104 Pa. 349, or Weller v. Davis, 245 Pa. 280, 283, that any objection was entered to the testimony when presented or that a motion to strike it out was promptly interposed, or, in fact, just when the motion to that effect was made; and in McCullough v. Railway Mail Asso., 225 Pa. 118, it plainly appears that the motion was not made till the witness had left the stand and the plaintiff's case in chief had closed. In all of these instances the rule insisted upon by the present appellee was applied, and we declined to review the refusal to strike out the testimony; but in the recent case of Pauza v. Lehigh Valley Coal Co., 231 Pa. 577, where a witness had given incompetent testimony in chief and immediately afterwards, on cross-examination, this fact was developed and a motion to strike out interposed, we reviewed the matter and held the refusal of the motion to be error. Although at first blush the Pauza case may seem not to be in accord with our earlier decisions upon the subject, yet, when the attending circumstances in the various cases are considered, there is no real conflict between them; that which gives rise to the apparent difficulty is the fact that the governing rule of practice is a little too broadly stated in some of these earlier cases. This is the true rule: When irrelevant or incompetent testimony is elicited by questions which are not objected to at the time they are put, and the trial is permitted to proceed with this testimony upon the record, a refusal of a request to strike it out, made after the witness has left the stand, will not be reviewed; in such a case the only course is to ask that the jury be instructed to disregard the testimony, and a refusal of this request can

be assigned for error. Where, as here, however, an immediate objection is interposed followed at once by a motion to strike out, or where, as in the Pauza case, before the witness leaves the stand, the incompetency or irrelevancy of a material part of his testimony is clearly shown by himself and a prompt motion to strike out the objectionable matter is entered, its refusal will be reviewed: See opinions filed this day in Kleppner v. Pittsburgh, B. & L. E. R. R. Co., 247 Pa. 605, and in Luckett v. Reighard, 248 Pa. 24. Of course, where counsel makes a practice of sitting silent and permitting improper questions to be put, taking his chance on the answers, and the trial judge certifies such to be the case, that fact will be considered against him on review; but that is not this case. Here, counsel for the appellants was prompt in his objections, and when they were overruled he secured proper exceptions. The plaintiff, personally, did not testify to the market value of her property either before or after the explosion, but when she introduced her testimony as to the rental value, her counsel stated it was presented as "bearing on the measure of damages." While, possibly, when all the relevant surroundings are known to a witness, rentals may be considered as an element in forming his opinion of the market value of a property, yet, they never can constitute an exclusive standard for that purpose (Friday v. Penna. R. R. Co., 204 Pa. 405, 409, 411; Comm. v. Tryon, 31 Pa. Supr. Ct., 146, 149), and error was committed in permitting them to be so treated by the witnesses in the present case.

Finally, in order briefly to dispose of the few remaining material matters called to our attention by the assignments of error, we take occasion to suggest that the persons who maintained the alleged public nuisance would be liable, if it were found to be such, not those who held the contract for the bridge where the dynamite eventually was to be used. Of course, if the defendants were not in control of the office and were not responsible

for the presence of the dynamite, then there could be no recovery against them under any circumstances; but, on the evidence before us, that issue was for the jury. When this case is tried again, all the relevant attending circumstances should be brought out; also, expert testimony as to the qualities possessed by dynamite of the particular character here involved and concerning its susceptibility to the surrounding conditions, ought to be produced; and the trial should be guided and the issues submitted to the jury in accordance with the law as we have endeavored to explain it.

The first and second assignments of error, covering the ordinance relating to explosives, the eleventh and thirteenth assignments, as to the rentals, and the fourteenth and fifteenth assignments, concerning the fire limit ordinance, are all sustained, and the judgment is reversed with a venire facias de novo.