# George M. Keebler, Inc., *v.* Land Title & Trust Co., Appellant.

*Landlord and tenant—Lease—Breach of covenant—Measure of damages—Agreement—Rental—Market value—Cross-examination —Agreement of counsel—Theory of case—Evidence.*

1. In an action by a tenant against a landlord to recover damages for a breach of covenant in a lease, which stipulated that the lessor should not "lease any store fronting on the arcade to any other lessee for the sale of hats during the terms of this lease," and the parties at the trial agree that "the measure of damages is the difference between the rental value of the premises with the condition attached and the rental value with the condition breached to the extent it has been breached in this case," and it appears that all the witnesses, plaintiff's as well as defendant's, considered the renting of another store on the arcade, for the sale of hats, a total breach of the covenant, witnesses for plaintiff, after testifying to an estimate of damages based on a total breach, and on the precise measure agreed to ·by the parties, may, on cross-examination, show that they had first calculated the fair rental value of the store, according to rates prevailing in the neighborhood, without the special privilege provided in the lease, and, after arriving at this figure, they took the difference between it and the rent named in the lease as the value of the privilege, or covenant, which had been breached, thus attaining a basis for the estimate of their damages.

2. The stipulation does not call for an estimate of the difference in the selling price, or market value, of the lease, with the covenant observed and with it breached, but for an estimate of the difference in rental value under these circumstances.

*Practice, Supreme Court—Evidence admitted without objection or exception—Refusal to strike out.*

3. In this case the Supreme Court will review the action of the trial judge in refusing to strike out the evidence introduced on cross-examination, although it was received without objection or exception, the request to strike out the evidence having been made promptly before the witnesses left the stand.

Argued January 16, 1920. Appeal, No. 64, Jan. T., 1920, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1917, No. 4503, on verdict for plaintiff in

case of George M. Keebler, Inc., v. The Land Title & Trust Company. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for breach of covenant in lease. Before WESSEL, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,850. Defendant appealed.

*Errors assigned* were (1, 2) refusal to strike out testimony of plaintiff's witnesses, (3) refusal of new trial.

*Maurice Bower Saul,* with him *Ralph B. Evans,* for appellant, cited: Phila. Ball Club v. Phila., 192 Pa. 632; Duffield v. Rosenzweig, 144 Pa. 520.

*Francis M. McAdams,* with him *William Charles Brown,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 23, 1920:

This action is by a tenant corporation, to recover damages for breach, by its landlord, of a covenant contained in the lease of a store located on the Mint Arcade, Philadelphia. Plaintiff obtained a verdict, upon which judgment was entered, and defendant has appealed.

February 19, 1915, the property in question was demised to plaintiff for ten years and one month, the lessor promising "not to lease any store fronting on the arcade ......to any other lessee for the sale of hats during the term of this lease." Notwithstanding this covenant, defendant, on July 31, 1915, let a store fronting on the arcade to another firm, which sells hats therein.

At trial, it was agreed that "the measure of damage is the difference between the rental value of the premises with the condition attached and the rental value...... with the condition breached to the extent it has been breached in this case."

Plaintiff called two real estate experts, who testified to the amount which, in their opinion, the rental value of the store had been impaired by the landlord's breach of covenant. Defendant contends the cross-examination of these witnesses shows they based their estimates on a measure of damage other than that agreed to.

As the testimony of each expert was elicited, which defendant claims demonstrates the wrong course pursued in arriving at their respective estimates of damage, counsel immediately asked that the evidence of the witness "be stricken out in its entirety"; these motions were refused, with exceptions to defendant, and the rulings are now assigned as error.

We are not convinced the cross-examination of the experts so destroyed the value of their evidence in chief as to justify the court below in striking out all of their testimony (Wadsworth v. Manufacturer's Water Co., 256 Pa. 106, 116); or that, considering the stipulation as to damages and taking the answers of these witnesses as a whole, the probative value of their evidence was materially impaired.

The trial judge ruled that the words of the stipulation—"to the extent it [the covenant] has been breached in this case"—referred to the extent of the breach both as regards "time and manner"; and the testimony of all the witnesses, plaintiff's as well as defendant's, shows they considered the renting of another store on the arcade, for the sale of hats, a total breach of the special covenant contained in plaintiff's lease. Accepting this theory of a total breach, plaintiff's experts testified, in direct examination, to an estimate of damage based on the precise measure agreed to by the parties. Then, on cross-examination, these witnesses showed they had first calculated the fair rental value of the store, according to rates prevailing in the neighborhood, without the special privilege provided in the lease; after arriving at this figure, they took the difference between it and the rent named in the lease as the value of the privilege, or

covenant, which had been breached, thus attaining a basis for their estimate of damages.

It will be observed that the stipulation, concerning the damages, mentions "the difference between the rental value of the premises with the condition attached and the rental value with the condition breached"; and the manner in which plaintiff's witnesses reached this difference of "rental value" is fair and justifiable, for, after all is said, they, by a reasonable method, simply valued the special privilege at the price which they figured the parties themselves had put upon it.

The stipulation does not call for an estimate of the difference in the selling price, or market value, of the lease, with the covenant observed and with it breached, but for an estimate of the difference in rental value under these circumstances. As one of the witnesses for defendant frankly said, an attempt to pursue the former method in estimating the damages leads to "sheer guess work."

Counsel for plaintiff, relying upon U. S. Tel. Co. v. Wenger, 55 Pa. 262, 268, asks that we ignore defendant's assignments, upon the ground that a refusal to strike out evidence, admitted without objection or exception, will not be reviewed on appeal; but counsel for defendant, citing Broadnax v. C. & S. R. R. Co., 157 Pa. 140, 152, truly replies that this rule has been much modified. It is not necessary (owing to our decision on the merit of the assignments) to discuss this phase of the controversy, and no good purpose would be served by so doing, since, in Forster v. Roger Bros., 247 Pa. 54, 62, we recently reviewed all our authorities on the subject, and deduced therefrom a general rule (bottom of page 63), wherein we state under what circumstances a motion to strike out testimony will be considered on appeal, and when it will not: see also Wadsworth v. Manufacturer's Water Co., supra.

The assignments of error are overruled and the judgment is affirmed.