Hughes et ux. *v.* Pittsburgh Transportation Co. et al., Appellants.

Argued March 21, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*J. Roy Dickie,* of *Dickie, Kier & McCamey,* for appellant, cited: McFarland v. Traction Co., 204 Pa. 423; Struse v. Transit Co., 87 Pa. Superior Ct. 46; Thatcher v. Traction Co., 166 Pa. 66; Hope v. Traction Co., 270 Pa. 115; Natvig v. Transit Co., 293 Pa. 355; Gaupin. v. Murphy, 295 Pa. 214; Elliott v. Light Co., 204 Pa. 568; Willis v. Armstrong Co., 183 Pa. 184; Herr v. Lebanon City, 149 Pa. 222; Bruggeman v. York City, 259 Pa. 94; S. S. Pass. Ry. v. Trich, 117 Pa. 390; Kosson v. Power Co., 293 Pa. 131.

*William A. Challener,* for appellee, cited: Husvar v. R. R., 232 Pa. 278; Wagener v. Ry., 235 Pa. 559; Silberstein v. Showell, Fryer & Co., 267 Pa. 298; Smith v. Traction Co., 202 Pa. 54; Willows v. Meyer & Bush, 4

N. J. Mis. R. 78; O'Malley v. Traction Co., 248 Pa. 292; Bunting v. Hogsett, 139 Pa. 363.

OPINION BY MR. JUSTICE SIMPSON, April 14, 1930:

Plaintiffs, who are husband and wife, sued the Pittsburgh Transportation Company and the Pittsburgh Railways Company, alleging that the joint and concurrent negligence of the two defendants resulted in serious injuries to the wife. The verdicts and judgments were in favor of each of the plaintiffs against both of the defendants, and each defendant prosecutes two appeals— a separate one from the judgment in favor of each plaintiff. No objection is made to the amount of either judgment, or to the right of the plaintiffs to recover from one of the defendants. Plaintiffs allege both defendants are liable; but each of the latter asserts it is not liable and the other is. Admittedly, these differences of opinion raise the only points we need decide, and in doing so must consider the evidence in the light most favorable to plaintiffs. Thus viewed, the essential facts are as follows:

The Transportation Company is a common carrier for hire, and on a bright, clear day, the injured plaintiff became a paying passenger in one of its taxicabs, to be taken to 434 Fourth Avenue in the City of Pittsburgh. That avenue is a busy one-way street, and upon it the Railway Company has a single line of tracks over which its trolley cars run. When the taxicab reached a point in front of No. 434, its driver so stopped his car that the right front wheel was at the curb and the left rear wheel was within the space between the two rails of the trolley track. There was ample time and space to put the car parallel with and close to the curb, as is usually done, in which event it would have been in a place of safety, and could not have been struck by a passing railway car. While so situated, and before the wife had alighted from the taxicab, a trolley car of the Railway Company, whose motorman could have plainly seen, if he had been

even slightly observant, that the wheel of the taxicab was between the rails of the track on which his trolley was running, and who had ample time to stop his trolley car, nevertheless ran it forward without stopping, so that it collided with that wheel, thereby causing the injury resulting in this suit. Under these circumstances the defendants were concurrently negligent, and jointly and severally liable to plaintiffs.

It was practically conceded at bar that there was sufficient evidence from which the jury could have properly concluded the Railway Company was negligent, and the foregoing facts show this was so. The Transportation Company contends, however, that, for the purpose of enabling its passenger to alight, it had a legal right to stop its taxicab so that it projected diagonally into the street, with a portion of it between the rails of the trolley track, and hence it could not be held negligent at all; and, even if it could be, the negligence chargeable to it was not the proximate cause of the injury. As there was no necessity for so locating the taxicab, it may well be doubted whether the first part of this contention would be correct even as between it and the Railway Company, but we need not go into that question. The injured plaintiff was a passenger for hire in the taxicab, and the Transportation Company owed to her the highest degree of care and diligence in carrying her to her destination and enabling her to alight safely: McBride v. McNally, 243 Pa. 206; Bickley v. P. & R. Ry. Co., 257 Pa. 369; Johnston v. Director General, 286 Pa. 166, 169. This character of care and diligence the jury found was not given to her, and there was ample evidence upon which to base their conclusion. The driver knew that the position in which he placed the taxicab was alike unusual and dangerous. He knew that the Railway Company could not use its track, as it had a paramount right to do, while the taxicab was in that position. He knew that if he located the taxicab parallel with and adjoining the curb, as he saw he could have done, it

would not have interfered with the right of the Railway Company, and would have been entirely safe. He knew that if the motorman exercised his paramount right to use the space between the rails of the trolley track, either negligently or in reliance on the fact that the taxicab would not continue in its then dangerous position, his passenger, towards whom he owed the highest care, would possibly be injured. True, this paramount right affords no excuse to the Railway Company for the clear negligence of its motorman; but neither does that clear negligence furnish any excuse for the taxicab driver's failure to exercise the high degree of care to which his passenger was entitled.

The question involved here is one of concurrent negligence and not of proximate cause; hence the latter need not be considered. In O'Malley v. P. R. T. Co., 248 Pa. 292, 294, we said: "The negligence of which the jury found the Philadelphia Rapid Transit Company guilty was the dangerous rate of speed at which its car was moving up Twentieth Street; but this negligence, in itself, resulted in no injury to the plaintiff. The negligence of which H. A. McCleman & Brother were convicted was the failure of the driver of their wagon to observe proper care in driving across Twentieth Street as the car was approaching it from the south; but this negligence of the driver, in itself, caused no injury to the plaintiff. What injured him was the collision, which was the direct result of the combined negligence of the two defendants, and for the immediate consequences of what they jointly brought about, they are, and ought to be, jointly accountable, even though the plaintiff might have sued them separately, joint wrongdoers being liable both jointly and severally." This conclusion was followed in Harkin v. Toy and P. R. T. Co., 278 Pa. 24, and in Moraski v. P. R. T. Co., 293 Pa. 224, the last named case stating also, at page 230, that the rule is the same in "cases where a passenger was injured in a vehicle of one of the defendants, who was a carrier owing a higher

degree of care to plaintiff than did the other tort-feasor." Exactly the same situation exists here as did in those cases, and this renders unnecessary a review of the earlier authorities cited by the Transportation Company, which, when taken in connection with their facts, are readily distinguishable. It suffices, as stated in the cases above cited by us, that where there would have been no injury whatever but for the continuing negligence of the defendant who first put the plaintiff in peril, and which existed when the negligence of the other turned the peril into actual injury, the negligences are concurrent and both defendants are jointly and severally liable for the injuries thereby occasioned.

On all four appeals the judgments of the court below are affirmed.