## Bickel v. Reed, Appellant.

336

Argued April 17, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. Campbell Brandon,* of *Brandon, Brandon & Ross,* for appellant.

*John H. Jackson,* of *Jackson & Troutman,* for appellee.

OPINION BY BALDRIGE, J., July 18, 1935:

The defendant appeals from the refusal of the court to enter a judgment in its favor notwithstanding a verdict in favor of the plaintiff for personal injuries sustained.

In the afternoon of November 18, 1931, which was a bright, clear day, plaintiff, 56 years of age, was a

passenger for hire in a taxicab of the defendant which was being driven upgrade on Center Avenue, in the city of Butler. The taxicab was following a Ford car which attempted to turn to the left into Ziegler Avenue and then turned to the right into Glenn Avenue. The taxicab driver, to avoid a collision according to his testimony, suddenly, and without any warning, applied the brakes so violently as to precipitate the plaintiff forward from her seat in the rear, causing her head to strike against and shatter a safety-proof glass partition back of the driver. As a result, plaintiff sustained serious injuries, which stunned her so that she was not able to give a clear recollection of the accident.

While the sudden application of brakes may not of itself, in some circumstances, constitute negligence (Luderer v. Moore, 313 Pa. 71, 169 A. 106), in our judgment there was sufficient evidence of the negligent operation of the taxicab in the case before us to submit that question to the jury.

In Petrie v. Kaufmann & Baer Co., 291 Pa. 211, 139 A. 878, the plaintiff was thrown down and injured when an escalator in defendant's department store momentarily stopped and then started forward suddenly with a violent jerk. The court held that while a carrier is not an insurer of the safety of a passenger, he is bound to exercise the highest practical degree of care, and where a passenger is injured as a result of the manner of operation, the burden is upon the carrier to show that the injury could not have been prevented by such care, citing with approval the following statement in Laing v. Colder, 8 Pa. 479, 481, 482: "But though, in legal contemplation, they [common carriers] do not warrant the absolute safety of their passengers, they are yet bound to the exercise of the utmost degree of diligence and care. The slightest neglect against which human prudence and foresight may guard, and by which hurt or loss is occasioned, will render them liable to

answer in damages. Nay, the mere happening of an injurious accident raises, prima facie, a presumption of neglect, and throws upon the carrier the onus of showing it did not exist."

In Tilton v. Phila. Rapid Trans. Co., 231, Pa. 63, 79 A. 877, the plaintiff was seated in a trolley car, which stopped so suddenly that it threw him violently forward against the seat in front of him. The court held that the unusual manner of stopping the car justified an inference of negligence, and called for an explanation by the defendant company, and was, therefore, not a case for a nonsuit. See, also, Hughes v. Pgh. T. Co., 300 Pa. 55, 150 A. 153; Di Paolo et ux. v. Phila., R. T. Co., 101 Pa. Superior Ct. 254.

The undisputed facts before us speak for themselves. The reasonable inference is that the taxicab must have been stopped with unusual suddenness to throw plaintiff so violently forward as to break the safety-proof glass and cause the serious injuries she sustained. A passenger in a taxicab is not normally hurled from his seat unless something of an extraordinary character has happened. Whether the driver of the taxicab used the highest degree of care and diligence, which the circumstances demanded, was not, in our judgment, a question of law, as appellant contends.

The plaintiff testified that when the driver helped her from the cab when she had reached her destination, a short distance from the place of the accident, he stated to her that he had made a "sudden stop." This testimony, the appellant insists, was incompetent and inadmissible as part of the res gestae to prove negligence as appellee contends. No objection was made to its admission, nor was there any motion to strike it out until after the plaintiff had rested her case. Counsel then moved the court to strike out that portion of plaintiff's testimony, but did not request that the jury be instructed to disregard it. "When irrelevant or incom-

petent testimony is elicited by questions which are not objected to at the time they are put, and the trial is permitted to proceed with this testimony upon the record, a refusal of a request to strike it out, made after the witness has left the stand, will not be reviewed; in such case the only course is to ask that the jury be instructed to disregard the testimony, and a refusal of this request can be assigned for error": Forster v. Rogers Bros., 247 Pa. 54, 63, 93 A. 26. "A rule of Evidence not invoked is *waived*": Wigmore on Evidence, vol. 1, §18, p. 173. See, also, Poluski v. Glen Alden Coal Co., 286 Pa. 473, 476, 133 A. 819; Cupples, Jr. v. Yearick et al., 99 Pa. Superior Ct. 269. Furthermore, the testimony was harmless. As already pointed out, the facts clearly show that the cab was stopped suddenly, and the driver himself so testified. There can be no dispute as to that fact.

We find no merit in the assignments of error.

Judgment is affirmed.