## McClune, Adrx., *v.* Metropolitan Life Insurance Company, Appellant.

138 

Argued April 20, 1936. 

 Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ. 

John M. Bennett, of Weimer & Bennett, for appellant.

Philip N. Shettig, with him Thomas A. Swope, for appellee.

Per Curiam, July 10, 1936:

This case is governed in principle by the very recent decision of the Supreme Court in Evans v. Penn Mutual Life Ins. Co., 322 Pa. 547, 186 A. 133. The exhaustive opinion by Mr. Justice Drew covers the ground so adequately that it would be idle to attempt to supplement it by further discussion or the citation of additional cases.

While the facts in this case are not identical with those in the Evans case they are sufficiently similar to be ruled by the legal principles applied there, and to require a submission of this case to the jury. The appellant moved for judgment non obstante veredicto in its favor, but it did not assign, in this court, the

discharge of that rule as error, and pressed only its rule for a new trial, which specified none but the stereotyped reasons, that the verdict was against (1) the law, (2) the evidence and (3) the weight of the evidence. Counsel for defendant frankly admitted on the oral argument that the case was for the jury. The court below refused a new trial, thus holding that, in its opinion, there was credible evidence in the record to support the verdict. While we might not have made the same finding as the jury did, had we been the triers of fact, we cannot say that the verdict rendered was without reasonable support in the testimony and was due to the jury's capricious refusal to believe the evidence of defendant's witnesses.

The defendant does not assert that any prejudicial error was committed during the trial. Under the Evans decision the case was for the jury. The jury found for the plaintiff. There was competent and, in the opinion of the trial court, credible evidence to sustain the verdict. Hence, we cannot say that the court below was guilty of an abuse of discretion in refusing a new trial. The entry of judgment on the jury's verdict must, therefore, be sustained.

Judgment affirmed.