Opinion by
 

 Stadtfeld, J.,
 

 This is an action in assumpsit brought by the plaintiffs, Sam LaFuria and Lucy LaFuria, his wife, against the New Jersey Insurance Company of Newark, New Jersey. Plaintiffs seek to recover for the loss of household goods by fire, which were covered by an insurance policy issued by defendant company.
 

 Defendant contended that plaintiffs were not entitled
 
 *415
 
 to recover by reason of having violated the provisions of the policy in the following respects: (1) that Lucy LaFuria swore falsely to the value of the goods destroyed; (2) that gasoline was kept on the premises; and (3) that the fire was incendiary in nature.
 

 The policy contained, inter alia, the following conditions : “Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage occurring:...... (d) while illuminating gas or vapor is generated on the described premises; or while (any usage or custom to the contrary notwithstanding) there is kept, used, or allowed on the described premises fireworks, greek fire, phosphorus, explosives, benzine, gasoline, naphtha, or any other petroleum product of greater inflammability than kerosene oil, gunpowder exceeding twenty-five pounds, or kerosene oil exceeding five barrels.” And, “This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.”
 

 After trial, the several issues were submitted to the jury in a charge by the court below, and a verdict was returned for the defendant company. Counsel for plaintiffs made a motion for a new trial, which was refused. This appeal followed.
 

 At the trial of the cause, appellee called its witness, District Attorney Mortimer Graham, to the stand for the purpose of contradicting the testimony of Sam LaFuria, appellant, and for the additional purpose of showing a violation of the provision in the policy according to a prior admission by that party. At the request of the attorney for appellants, counsel for appellee offered to prove by this witness that he met the appellant, Sam LaFuria, who told him (the district
 
 *416
 
 attorney) that he did have gasoline on the premises at the time of the fire, and that he described to him the nature of the cans containing gasoline and their location. Thereupon, the witness testified, without objection, that Mr. LaFuria told him there had been two cans of gasoline about two and one-half feet high, on the premises, one of which was full and the other partly filled. Appellants’ counsel then proceeded to cross-examine the witness. This examination dealt with the details of other fires in the city of Erie and with the nature of this particular fire. At the close of this witness’ testimony following the cross-examination, appellants’ attorney moved to have all the testimony of the district attorney stricken from the record. The trial court refused. This refusal constitutes appellants’ first assignment of error.
 

 It appears from the record that no objection was made to the examination in chief of the witness, nor was there any motion to strike out the testimony given under it. Indeed, he was subjected to cross-examination by appellants’ counsel, and only at the conclusion of all his testimony was a motion made to strike it out. Even then, no request was made that the jury be instructed to disregard it. Under such circumstances, it is well settled that the action of the trial court will not be reviewed. “This is the rule: when irrelevant or incompetent testimony is elicited by questions which are not objected to at the time they are put, and the trial is permitted to proceed with this testimony upon the record, a refusal of a request to strike it out, made after the witness has left the stand, will not be reviewed; in such a case the only course is to ask that the jury be instructed to disregard the testimony, and a refusal of this request can be assigned for error.......Of course, where counsel makes a practice of sitting silent and permitting improper questions to be put, taking his chance on the answers, and the trial judge certifies such to be
 
 *417
 
 the case, that fact will be considered against him on review”:
 
 Forster v. Rogers Bros.,
 
 247 Pa. 54, 63, 64, 93 A. 26. See also
 
 Bickel v. Reed,
 
 118 Pa. Superior Ct. 335, 338, 339, 179 A. 762.
 

 In the opinion of the court below refusing appellants’ motion for a new trial, Rossiter, P. J. said, “As to the testimony of the District Attorney it will be observed that there was no exception taken to any of that testimony which was given by him in chief, that all the objection as to the testimony arose upon cross-examination and drawn out by plaintiffs’ attorney himself.”
 

 The cross-examination of a) witness who has given incompetent evidence without objection would seemingly waive counsel’s right to have such evidence subsequently stricken out. Especially, would this appear to be the case where the same or similar evidence has been elicited or introduced on cross-examination by the objecting counsel, as in the instant case.
 

 From what has already been said, it is not to be inferred that we regard the admission of the testimony of District Attorney Mortimer Graham as being improper. On the contrary, the evidence of this witness was responsive to the offer made at sidebar and served not only to prove a prior contradictory statement of the appellant, Mr. LaFuria, but also to prove directly the violation of the provision in the policy prohibiting the keeping of gasoline on the premises.
 

 Moreover, the admissions of the appellant, Mr. LaFuria, were properly admissible in evidence as against his wife, co-plaintiff, in the court below. Both owned the property covered by the policy as tenants by the entireties, and both are jointly interested in the subject matter of the controversy. “Where several coparties to the record are the joint owners of real or personal property, or are jointly interested in the subject matter of the controversy, the admissions of one are competent against all, where no fraud or collusion appears, except
 
 *418
 
 for
 
 the
 
 purpose
 
 of
 
 proving the joint interest:”
 
 22
 
 Corpus Juris, 351, Sec. 404; Wigmore on Evidence (2nd Ed.) Sec. 1076, 1077; Greenleaf on Evidence, Vol. 1, Sec. 174.
 

 In the case of
 
 The Southern Life Insurance Co. v. Mary V. Wilkinson,
 
 53 Ga. 535, a suit was brought by a widow and a child on a life policy, insuring the life of the husband and father. The plaintiffs were the joint beneficiaries under the policy. The Supreme Court of Georgia held the lower court in error for excluding the admissions of the widow on the question of misrepresentation made in the application for insurance. Reversing a judgment entered for the plaintiffs, the court said at p. 545: “Where the parties to a suit, either as plaintiffs or defendants, set up in a joint suit a joint claim, resting on one and the same contract, with an issue applying to them jointly, the declarations or admissions of one are evidence against his co-plaintiff or co-defendant: 8 Bing. 309; 1 Stark R. 488; 17 Mass. 222; 23 Maine, 69; 4 Harr. & M. 346; 8 Mo. 627; 9 Humph. 750; 4 Yates, 532.”
 

 Appellants, in their motion for a new trial before the court below, did not complain of the charge to the jury. We are of the opinion that the charge was fair, and that the evidence supported the charge and warranted the verdict.
 

 Assignments of error are overruled and judgment is affirmed.