## Bastaich *v.* Zivena Beneficial Society of United States of America, Appellant.

Argued April 20, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Harry L. Allshouse,* with him *Joseph A. Langfitt, Jr.,* and *Carroll Caruthers,* for appellant.

*Z. T. Silvis,* for appellee.

PER CURIAM, September 30, 1942:

This is an action in assumpsit which has been tried three times. A new trial was granted after each of the prior trials. At the first trial the jury found for plaintiff; at the second the verdict was for defendant; and at the third the verdict was again in plaintiff's favor. Defendant's motions for judgment n.o.v. and a new trial were overruled, and it has appealed from the judgment entered on the verdict.

The judgment must be affirmed.

Plaintiff's wife died on August 1, 1935. In June, 1917, defendant had issued a membership certificate to her through one of its local lodges or assemblies. Defendant refused to pay the death benefits under the certificate, whereupon plaintiff brought this action. The defense was that deceased had been expelled on May 20, 1934, for nonpayment of dues. If deceased had paid her dues in accordance with the by-laws, plaintiff was entitled to recover. The evidence was conflicting, and was such that binding instructions for defendant could not have been given. *Thomas, Adm'r, v. Metropolitan Life Ins. Co.,* 131 Pa. Superior Ct. 588, 594, 200 A. 210; *Sullivan et al. v. Supreme Council of the Catholic Mutual Benefit Ass'n,* 266 Pa. 57, 60, 109 A. 604.

Defendant has assigned as error the refusal of its motion for a new trial, quoting the motion verbatim which contains only the stereotyped reasons. The case involved merely a question of fact. The credibility of the witnesses and the weight of the evidence were primarily for the jury. *Wilson v. Kallenbach,* 332 Pa. 253, 256, 2 A. 2d 727. Whether the verdict was against the weight of the evidence was then for the considera-

tion of the court below, which refused a new trial and thus held that in its opinion there was credible evidence in the record to support the verdict. *McClune, Adm'x, v. Metropolitan Life Ins. Co.,* 122 Pa. Superior Ct. 137, 186 A. 143. This action will not be disturbed unless there is clear error of law or a palpable abuse of discretion. *Koch et al. v. Imhof et al.,* 315 Pa. 145, 147, 172 A. 672; *Pfordt v. Educators Beneficial Ass'n,* 140 Pa. Superior Ct. 170, 178, 14 A. 2d 170; *Clingerman v. Everett Cash Mutual Fire Ins. Co.,* 124 Pa. Superior Ct. 89, 93, 188 A. 93. We find no such abuse of discretion in the case before us. As we said in *Botko et al. v. National Slovak Society of the United States of America,* 122 Pa. Superior Ct. 603, at page 608, 186 A. 758, at page 760: "Had the trial judge, who heard the witnesses, granted a new trial on the ground that the verdict was against the weight of the credible testimony, he would have been fully justified; but that function was his and we cannot say that, in refusing a new trial, he abused his discretion."

No exception was taken to the charge of the court or to any part thereof, and no argument is presented that it contains any reversible error.

All the assignments of error are overruled.

Judgment is affirmed.